[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13475
Non-Argument Calendar

_____

Agency No. A087-620-761

JESUS BARACALDO-ZAMORA,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 4, 2018)

Before WILLIAM PRYOR, FAY, and EDMONDSON, Circuit Judges.

PER CURIAM:

Jesus Baracaldo-Zamora ("Petitioner"),[1] a native and citizen of Cuba, petitions for review of the order of the Board of Immigration Appeals ("BIA") affirming the decision of the Immigration Judge ("IJ").  The IJ's decision denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  We dismiss the petition for lack of jurisdiction.

Petitioner entered the United States and received lawful permanent resident status in July 2009.  In July 2013, Petitioner was convicted in Florida state court of obtaining a controlled substance by fraud.  In October 2015, the Department of Homeland Security issued Petitioner a Notice to Appear charging him with being removable for having been convicted of a crime that constituted a controlled substance offense and that involved moral turpitude.  Petitioner conceded removability and filed an application seeking asylum, withholding of removal, and CAT relief.

Following a hearing, the IJ denied Petitioner's application.  The IJ first determined that Petitioner's testimony was not credible.  In making that determination, the IJ identified specific portions of Petitioner's testimony that were either inconsistent with his asylum application or that were implausible.  The IJ

---

[1] Petitioner is proceeding pro se on appeal.  We review liberally pro se pleadings.  See Lorisme v. INS, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

2

then considered Petitioner's corroborating evidence, which the IJ found further undermined Petitioner's credibility given the "significant discrepancies" between the evidence and Petitioner's testimony.  Based on the adverse credibility determination, the IJ concluded that Petitioner was ineligible for asylum.

In the alternative, the IJ determined that -- even accepting Petitioner's testimony at face value -- Petitioner had failed to demonstrate either that he suffered past persecution or that he had a well-founded fear of future persecution if he was returned to Cuba.  Because Petitioner failed to meet his burden of establishing eligibility for asylum, the IJ determined he could not satisfy the higher standard for withholding of removal.  The IJ also denied CAT relief, concluding that Petitioner had failed to demonstrate that he more likely than not would be tortured if returned to Cuba.

Petitioner appealed to the BIA.  In his notice of appeal done with counsel, Petitioner said that the "most pressing" issue on appeal was the IJ's adverse credibility determination.  Petitioner contended that, if the BIA reviewed the record in its entirety, "the BIA will see that Appellant and his witnesses are credible people . . . ."  Then, in Petitioner's counseled brief to the BIA, however, Petitioner presented no argument about the IJ's adverse credibility determination.  Instead, Petitioner argued that the IJ erred in concluding that Petitioner failed to establish past persecution.  In particular, he argued that the treatment he and his family had

3

been subjected to rose to the level of persecution.  Petitioner contended he was thus entitled to a presumption of a well-founded fear of future persecution that the government had failed to rebut.

The BIA dismissed Petitioner's appeal.  The BIA said expressly that Petitioner did not "meaningfully contest" the IJ's adverse credibility determination or the IJ's denial of CAT relief.  The BIA noted that it could dismiss Petitioner's appeal based solely on his failure to challenge the adverse credibility determination.  The BIA, however, addressed sua sponte the credibility issue and concluded that the IJ committed no clear error in determining that Petitioner's testimony was implausible and lacked credibility.  The BIA thus affirmed the denial of asylum and withholding of removal.

We review de novo our subject matter jurisdiction.  Indrawati v. U.S. Att'y Gen., 779 F.3d 1284, 1297 (11th Cir. 2015).  We have no jurisdiction to review a final order of removal unless the petitioner has exhausted all administrative remedies.  Id. (citing 8 U.S.C. § 1252(d)(1)).

To exhaust a claim, a petitioner must have raised before the BIA the "core issue" on appeal and "set out any discrete arguments he relies on in support of that claim."  Jeune v. U.S. Att'y Gen., 810 F.3d 792, 800 (11th Cir. 2016).  "Unadorned, conclusory statements do not satisfy this requirement, and the petitioner must do more than make a passing reference to the issue."  Id.

4

(quotations omitted).  While a petitioner is not required to "use precise legal terminology or provide well-developed arguments to support his claim," he must "provide information sufficient to enable the BIA to review and correct any errors below."  Id.

On appeal, Petitioner first argues that the BIA erred in affirming the IJ's adverse credibility ruling.  Petitioner left out that issue in his brief to the BIA.  Although Petitioner advanced broadly the adverse credibility determination in his notice of appeal to the BIA,[2] he never made distinct arguments before the BIA about the IJ's specific findings.  Even in his notice of appeal, Petitioner asserted merely that, upon review of the record as a whole, the BIA would find that he and his witnesses were credible.  This unsupported conclusory statement is insufficient argument to satisfy the exhaustion requirement; we thus lack jurisdiction to consider this argument on appeal.  See Jeune, 810 F.3d at 800.  That the BIA chose to address sua sponte the IJ's adverse credibility determination does not change our conclusion about the scope of our jurisdiction.  See Amaya-Artunduaga v. U.S. Att'y Gen., 463 F.3d 1247, 1250-51 (11th Cir. 2006).

---

[2] We warn that it seems unlikely to us that an issue raised only in a petitioner's notice of appeal -- and later totally omitted from petitioner's brief to the BIA -- may be considered exhausted. For background, see Abebe v. Mukasey, 554 F.3d 1203, 1207-08 (9th Cir. 2009) (en banc) (when a petitioner has filed a brief in support of his appeal to the BIA, he is "deemed to have exhausted only those issues he raised and argued in his brief before the BIA"; issues raised only in his notice of appeal are considered unexhausted).  But because we decide on more settled grounds that Petitioner's adverse-credibility argument is unexhausted, we do not decide this broader notice-of-appeal issue today.

Petitioner also challenges the IJ's denial of CAT relief.  Because Petitioner raised no argument about CAT relief before the BIA, he has failed to exhaust that claim and we lack jurisdiction to review it on appeal.  See Jeune, 810 F.3d at 800.

Because Petitioner raises only non-exhausted arguments in his petition, we dismiss the petition for lack of jurisdiction.

PETITION DISMISSED.